IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JACK NORMAN RUKES,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 13-116-M-JCL<br><br>ORDER re: STATE'S MOTION FOR STAY PENDING APPEAL |

This matter came before the Court on Petitioner Rukes's application for writ of habeas corpus under 28 U.S.C. § 2254. On March 11, 2014, based on the parties' written consent, *see* Consents (Doc. 27-1, 27-2), the case was assigned to the undersigned for all purposes, including entry of judgment and post-judgment proceedings, 28 U.S.C. § 636(c).

The parties' briefs have brought to the Court's attention a jurisdictional problem. A federal court has an ongoing obligation to ensure, *sua sponte*, its own jurisdiction. *Chicago, Burlington and Quincy Ry. Co. v. Willard*, 220 U.S. 413, 418-22 (1911); *see also, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

**<u>Procedural Background</u>**

On May 8, 2014, the Court granted one of Rukes's claims for relief, alleging

1

misconduct by the bailiff, and denied two other claims that might, if granted, have precluded retrial. Following resolution of other outstanding claims, the Court entered a final order in the matter on May 23, 2014, conditionally granting Rukes's petition on the bailiff misconduct claim, dismissing all other claims, and denying a certificate of appealability. The order directed Respondents ("the State") to file a notice and documentation showing either that it had renewed proceedings in the trial court or that the criminal judgment had been amended to reflect dismissal of the aggravated assault charge and that no further proceedings would ensue. Order (Doc. 37) at 3 ¶ 1. Judgment was entered the same day, May 23, 2014.

The State filed a notice of appeal on June 6, 2014. On June 23, 2014, the State moved for a stay pending appeal, "pursuant to Fed. R. App. P. 8[1] and 23." Br. in Supp. of Mot. for Stay (Doc. 42) at 3. Rukes responded on June 26, 2014, and the State replied on June 27.

On June 30, 2014, the State complied with the deadline set in the Court's May 23 order. It filed notice that it had renewed proceedings in the trial court. The attached documentation showed that, earlier that same day, the trial court ordered Rukes released without bond under standard conditions of supervision, evidently in Michigan, although the same conditions apparently would apply were he to return

---

[1] Fed. R. App. P. 8(a)(1)(C) provides that party must ordinarily first move in the district court for "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending."

to Montana. Notice (Doc. 46) at 2; Order (Doc. 46-4) at 1-2.

## Fed. R. App. P. 23

Fed. R. App. P. 23, titled "Custody or Release of a Prisoner in a Habeas Corpus Proceeding," recognizes the authority of "the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court," to set the terms of a habeas petitioner's custody or release following adjudication in the district court of a petition for writ of habeas corpus. A federal court's authority to set those terms arises from the general habeas statute, 28 U.S.C. § 2241(c)(3).

While the Court would have decided the terms of Rukes's custody had it issued a writ of habeas corpus, this Court did not issue the writ. Throughout this action, Rukes has remained in custody under terms and conditions established by the state trial court.

The terms of Rule 23 are simply inapposite. They do not fit the current state of this litigation. Likely as a result, the State's motion for a stay does not identify exactly what the State wants this Court to stay. Moreover, it has already complied with the Order of May 23 by filing the notice that was required. What is there to be stayed? In attempting to answer that question, *see, e.g.*, *Younger v. Harris*, 401 U.S. 37, 45 (1971), the Court realized a more fundamental problem ought to be addressed. Had the appropriate remedy been granted in the May 23 Order,

Appellate Rule 23 would apply, and the Court could simply rule on the motion as fully briefed. But the remedy granted was not the appropriate one.

## Scope of Federal Court's Authority and Appropriate Remedy

The Court's Order of May 23 was intended to interfere to the least possible extent with the State's jurisdiction over Rukes's custody by giving the State a clear choice between either retrying Rukes or dismissing the judgment against him. The Court believed it did not have the authority literally to vacate the criminal judgment and so left that matter to the State or the state court.

On reflection, however, the order was flawed. The Court may not have authority to vacate the judgment, but it certainly has the equitable power to declare that judgment void and to direct Rukes's release from custody, 28 U.S.C. §§ 2241(c), 2254; *Sanders v. Ratelle*, 21 F.3d 1446, 1461 (9th Cir. 1994). As explained below, that remedy should have been extended to Rukes, albeit conditionally, in the Order of May 23. Rukes did not receive the remedy to which the Order of May 8, 2014, entitled him.

As set forth in 28 U.S.C. § 2241(c)(3), and as the terms of Appellate Rule 23 make clear, a federal court sitting in habeas is essentially deciding whether it will, pursuant to 28 U.S.C. § 2254, direct the terms and conditions of a state prisoner's custody. If, as in this case, the Court finds the petitioner meets the prerequisites for relief, the traditional remedy is issuance of the writ: that is, a federal order directs

the petitioner's release from custody. The modern form of remedy recognizes federal courts' authority to condition a grant of the writ. "Conditional orders are essentially accommodations accorded to the State" because they "give States time to replace an invalid judgment with a valid one." *Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008) (internal quotation marks omitted). But "[t]he consequence when the State fails to replace an invalid judgment with a valid one is always release," *id.* (internal quotation marks omitted), unless the federal court modifies its order, *id.* at 744.

Thus, the Court did not err in giving the State a choice on May 23, but it erred in the choice it gave. An appropriate order would permit the State to implement a remedy for the unconstitutional conviction or sentence, *viz.*, a new trial; but, if the State failed to implement the remedy in a timely manner, then the condition would be met for granting the writ, and the writ would issue, declaring the state's criminal judgment void and ordering the petitioner's release. *See, e.g.*, *Pitchess v. Davis*, 421 U.S. 482, 485 n.3 ¶¶ 1-4 (1975) (per curiam); *see also id.* at 490 (abrogating ¶ 5 of the order set forth in n.3 because district court could not "maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court.").

Once the conditional writ is issued, if either party appeals, Fed. R. App. P. 23 controls. It provides that, where there is an appeal by either party, the federal

courts determine both the fact and the terms of the petitioner's custody. Fed. R. App. P. 23(b), (c). In short, where federal habeas relief is warranted, either the State implements a remedy, or the federal court assumes authority over the custody of the prisoner, which may amount to unconditional discharge or anything less.

This choice may appear to force the State to choose between appeal, if the writ is issued, or concession of the criminal judgment's unconstitutionality, if the State implements a remedy and forestalls issuance of the writ. But it does not. Issuance of the writ releases the petitioner from custody on the unconstitutional judgment. It does not prevent the State from re-arresting and retrying the petitioner, provided the terms of the federal court's order do not prohibit it. *See, e.g.*, *Irvin v. Dowd*, 366 U.S. 717, 728 (1961); *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985) (citing cases).

Consequently, the Order of May 23 did not give either Rukes or the State the proper remedy. It gave the State a choice between providing a new trial or vacating the judgment and discharging Rukes altogether. This formulation, though intended to preserve as much latitude to the State as possible, may actually prevent the State from re-arresting and retrying Rukes even if this Court's decision is affirmed on appeal. There is no justification for prohibiting retrial; a new trial is plainly the appropriate remedy, whether the State implements it to forestall issuance of the writ or independently of the habeas action. The Order should instead have given

6

the State a choice between retrying Rukes within a specific time period – and thus essentially conceding the unconstitutionality of the criminal judgment – or seeing the writ issued, then filing a notice of appeal and moving for a stay under Fed. R. App. P. 23, with the time and conditions of any retrial left to the State's prerogative in compliance with all applicable state and federal law. Likewise, rather than leaving the matter of Rukes's custody to the state trial court, the Order should have made it clear that this Court would order Rukes's release from custody if the State did not "replace an invalid judgment with a valid one."

## Jurisdiction

The jurisdictional problem, therefore, is twofold. First, does the Court still have jurisdiction even though the state trial court has issued its order, prompted by this Court's order, setting the terms and conditions of Rukes's custody (or release on conditions)? Second, is it possible to rectify the terms of the Order of May 23 despite the State's filing of a notice of appeal?

**A. Fed. R. Civ. P. 62**

The parties do not specifically address Fed. R. Civ. P. 62, but "[t]he label or description that a party puts on its motion does not control whether the party should be granted or denied relief." *Harvest*, 531 F.3d at 746 (quoting 12 James Wm. Moore, *Moore's Fed. Practice* § 60.64 (3d ed. 2006)).

Generally, a party's timely filing of a notice of appeal divests the district

7

court of jurisdiction. But a district court has authority to "suspend, modify, restore, or grant an injunction during the pendency of the appeal." Fed. R. Civ. P. 62(c). The May 23 order did not grant appropriate habeas relief, but it grants injunctive relief. Rule 62 "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of the appeal." *Nat'l Res. Defense Council, Inc., v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). The "status quo" is the state of affairs existing at the time the notice of appeal is filed. *Id.*

In Rukes's case, relief under Rule 62 would return the parties to the position they occupied before proceedings were renewed in the trial court. That is appropriate here. It would recoup the question of Rukes's custody from the state court to this Court, where he is entitled to have it as a result of his entitlement to relief under 28 U.S.C. § 2254. It would also prevent the State's appeal from becoming moot. *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (1951).

Although Fed. R. App. P. 23 does not apply, the State's motion, recharacterized as one under Fed. R. Civ. P. 62 for suspension of the injunction issued on May 23, 2014, will be granted for a period of 30 days. During that time, Rukes will remain in custody on the criminal judgment under the terms of his parole.

**B. Fed. R. Civ. P. 60**

The fact remains that the Court's Order of May 23, 2014, is in error because it does not grant an appropriate remedy.

A district court may, on its own initiative, grant relief under Fed. R. Civ. P. 60(b), *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999), but not while an appeal is pending. "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the appellate] court, if appropriate, for remand of the case." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (internal quotation marks omitted).

Whether either party will move in the court of appeals for remand to this Court to correct the final order and judgment is up to them. The Court is, however, willing to grant a Rule 60(b) motion for relief from the judgment so that the remedy provides as follows:

> Rukes's petition for writ of habeas corpus is CONDITIONALLY GRANTED. If the State does not retry Rukes within 30 days of the date of this Order, this Court will issue a writ of habeas corpus directing his release from custody.

The 30-day time limitation is short, but the parties are well aware of the issues in the case. Should the parties request and receive a remand from the Court of Appeals, the Court will also permit the State to renew its motion under Fed. R. App. P. 8 and 23 and will, if the parties agree, deem their briefs resubmitted and

issue an expedited ruling.

If neither party moves in the Court of Appeals for remand to this Court to grant a motion under Fed. R. Civ. P. 60(b), the stay of the Court's Order of May 23 will be lifted, and the State will be given a short deadline (because it will require no notice) to comply once again with the Order of May 23.

Based on the foregoing, the Court enters the following:

**ORDER**

1. The State's motion for stay pending appeal (Doc. 41), recharacterized as a motion under Fed. R. Civ. P. 62 to suspend the injunction issued on May 23, 2014, is GRANTED.

2. Paragraph 1 of the Order of May 23, 2014 (Doc. 37 at 3), is SUSPENDED for a period of 30 days. For the period of the suspension, the State is not required by this Court to renew or to continue with renewed proceedings in the trial court.

DATED this 9th day of July, 2014.

 */s/ Jeremiah C. Lynch*  
Jeremiah C. Lynch  
United States Magistrate Judge