IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



JACK NORMAN RUKES,

Petitioner,

vs.

MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,

Respondents.

Cause No. CV 13-116-M-JCL

ORDER GRANTING RELIEF UNDER FED. R. CIV. P. 60(b)

This matter came before the Court on Petitioner Rukes's application for writ of habeas corpus under 28 U.S.C. § 2254. On March 11, 2014, based on the parties' written consent, *see* Consents (Doc. 27-1, 27-2), the case was assigned to the undersigned for all purposes, including entry of judgment and post-judgment proceedings, 28 U.S.C. § 636(c).

Relief was granted on one of Rukes's claims. Respondents ("the State") filed a notice of appeal on June 6, 2014. On July 9, 2014, the Court suspended its order granting relief, thereby suspending the State's obligation to renew proceedings in the trial court for a period of 30 days. During that time, the parties moved in the Court of Appeals for a limited remand to allow the Court to entertain a motion under Fed. R. Civ. P. 60(b) and to amend the form in which relief was granted. The Court of Appeals granted the motion and remanded the case on September 25,

1

2014.

As the Court previously explained, *see* Order (Doc. 47) at 4-7, it erred in entering judgment in the form it did. The fact that Rukes prevailed on one claim for relief means the State is entitled to an opportunity correct its wrong by retrying Rukes. Likewise, Rukes is entitled to be released if the State does not take advantage of its opportunity to replace an invalid judgment with a valid one. A district court may, on its own initiative, grant relief under Fed. R. Civ. P. 60(b). *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999). Consequently, the Court will correct the form of relief. *See* Order (Doc. 47) at 9.

To the extent a certificate of appealability is required, *see Jones v. Ryan*, 733 F.3d 825, 832 n.3 (9th Cir. 2013), it is denied. Reasonable jurists would not dispute the amendment of the remedy as provided here.

Based on the foregoing, the Court enters the following:

## ORDER

1. Paragraph 1 of the Order of May 23, 2014 (Doc. 37 at 3), is VACATED.

2. Rukes's petition for writ of habeas corpus is CONDITIONALLY GRANTED. If the State does not retry Rukes within 30 days of the date of this Order, this Court will issue a writ of habeas corpus directing his release from custody.

3. A certificate of appealability, to the extent it is required, is DENIED.

4. The State's unopposed motion to renew its motion for stay and deem previous briefing re-submitted (Doc. 56) is GRANTED. The Court will issue a ruling on that motion shortly.

DATED this 29th day of September, 2014.

_____
Jeremiah C. Lynch
United States Magistrate Judge