IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JACK NORMAN RUKES,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 13-116-M-JCL<br><br>ORDER DENYING RESPONDENTS' MOTION FOR STAY PENDING APPEAL |

This matter came before the Court on Petitioner Rukes's application for writ of habeas corpus under 28 U.S.C. § 2254. On March 11, 2014, based on the parties' written consent, *see* Consents (Doc. 27-1, 27-2), the case was assigned to the undersigned for all purposes, including entry of judgment and post-judgment proceedings, 28 U.S.C. § 636(c). Judgment was entered on May 23, 2014.

In view of the recent amendment of the judgment, *see* Order Granting Relief Under Fed. R. Civ. P. 60(b) (Doc. 57), the State renews its motion for stay pending appeal (Docs. 56, 41). The briefs originally filed by both parties (Docs. 42, 43, 45) have been deemed resubmitted, Order Granting Rule 60 Relief at 3, and are considered here.

**I. Background**

Rukes was granted relief on his claim of misconduct by the bailiff.

1

Immediately before the jury began its deliberations, a juror innocently asked the bailiff "who that guy was that was sitting behind the defendant." The bailiff told the entire assembled jury "that was the guard for Mr. Rukes." Nothing else is known, because the trial court had already excused the jurors before telling the parties what the bailiff did. The prosecutor opined that any error was "probably harmless." When defense counsel attempted to explain why he thought the error might have been harmful – including reference to the possibility that one juror saw Rukes accompanied by the guard even in the bathroom – the trial court cut defense counsel off.

New counsel appointed on appeal filed an *Anders* brief.[1] She not only failed to point out that the State had the burden of proving the error harmless beyond reasonable doubt, *see Fry v. Pliler*, 551 U.S. 112, 116 (2007) (citing *Chapman v. California*, 386 U.S. 18, 24 (1967)), but she also opined that Rukes could not carry his burden of showing prejudice. The Montana Supreme Court accepted the *Anders* brief and dismissed the appeal without discussion.

Rukes filed a postconviction petition, alleging, *inter alia*, that trial counsel was ineffective because he did not move for a new trial based on the bailiff's misconduct. The Montana Supreme Court held that it had decided on direct appeal that Rukes failed to establish prejudice, so counsel could not have been ineffective.

---

[1] Mont. Code Ann. § 46-8-103(2); *Anders v. California*, 386 U.S. 738, 744 (1967).

*Rukes v. State*, 297 P.3d 1195, 1198 ¶ 20 (Mont. 2013).

The facts of the bailiff's conduct, sparse as they are in the record, are undisputed. The State's motion for stay does not rely on any claim that the Montana Supreme Court's decision on direct review was reasonable and so was owed deference under 28 U.S.C. § 2254(d). It argues instead that Rukes failed to show the bailiff's misconduct had "a substantial and injurious effect" under the standard of *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). *See also Fry*, 551 U.S. at 121-22.

## II. Analysis

District courts consider four factors in determining whether to impose a stay pending appeal:

(1) whether the party seeking a stay has made a strong showing that it is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Haggard v. Curry*, 631 F.3d 931, 934-35 (9th Cir. 2010) (per curiam).

### A. Likelihood of Success on the Merits

The first factor is the most important. "[T]here is a presumption of release from custody of a successful habeas petitioner pending appeal." *Haggard*, 631

F.3d at 934 (citing *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987)).

The State argues it is likely to succeed on appeal because Rukes's acquittal on two other counts demonstrates the bailiff's remark did not convince the jury that Rukes was a dangerous person. Rukes was convicted on two counts in which his wife was the victim and acquitted on two counts in which his daughter and her friend, respectively, were the alleged victims. Br. in Supp. (Doc. 42) at 5. One can simply, and just as soundly, turn the State's argument around. The jury's acquittal on two counts might mean it would not have been persuaded beyond reasonable doubt on *any* count – or on aggravated assault, as opposed to simple assault, against Mrs. Rukes – were it not for the bailiff's misconduct. The State's argument is persuasive only to those who already agree with it.

More fundamentally, the State begs the question by relying on a jury's verdicts in an attempt to demonstrate why those verdicts must have been entered free of the taint of unconstitutional conduct. To answer the question, all the evidence presented at trial, including the verdicts, and all the facts and circumstances, including the bailiff's communication, must be considered.

Against the trial record, the State continues to characterize the case as one of "overwhelming" evidence. All of the State's constructions of the evidence presented at trial are reasonable. *See* Br. in Supp. at 9-14. But not a single one is free of contest or question. The State is not entitled to construe the evidence in

favor of the verdict, because "the harmless-error inquiry is entirely distinct from a sufficiency-of-the-evidence inquiry." *United States v. Lane*, 474 U.S. 438, 450 n.13 (1986) (internal quotation marks omitted) (cited in *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). Thus, while the State is correct, for example, that the jurors were permitted to infer Rukes's intent "from his acts and the facts and circumstances of the offense," Br. in Supp. at 13, it is not correct to say "Rukes' intent *is* inferred from his acts and the facts and circumstances of the offense," *id.* (emphasis added). A reasonable juror could instead simply believe Rukes's testimony that he had no intent to harm Norma. A reasonable juror could infer that Rukes did not see any outward sign that she was, to a high degree of probability, experiencing a reasonable apprehension of serious bodily injury. Mont. Code Ann. §§ 45-2-103, -5-202(1) (2007); Trial Tr. at 322:24-323:19; Order Granting One Claim at 20-21. This is not a matter of speculation but of considering what reasonable inferences a reasonable juror could draw from the evidence. As the Supreme Court puts it, the State is not entitled to prevail merely because a reviewing court finds "the sense of guilt comes strongly from the record":

> [T]he question is not were [the jurors] right in their judgment, regardless of the error or its effect upon the verdict. It is rather what effect the error had or reasonably may be taken to have had upon the jury's decision. The crucial thing is the impact of the thing done wrong on the minds of other men, not on one's own, in the total setting.
>     This must take account of what the error meant to them, not singled out and standing alone, but in relation to all else that

5

happened. And one must judge others' reactions not by his own, but with allowance for how others might react and not be regarded generally as acting without reason. This is the important difference, but one easy to ignore when the sense of guilt comes strongly from the record.

> If, when all is said and done, the [reviewing court's] conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.

*Kotteakos v. United States*, 328 U.S. 750, 764 (1946) (internal citations omitted), *followed in Brecht*, 507 U.S. at 623. Restated, "[i]f the record is so evenly balanced that a 'conscientious judge is in grave doubt as to the harmlessness of an error,' the petitioner must prevail." *Deck v. Jenkins*, No. 13-55130, slip op. at 15, 2014 WL 4800349 (9th Cir. Sept. 29, 2014) (quoting *O'Neal v. McAninch*, 513 U.S. 324, 437 (1995)).

In order to convict Rukes of aggravated assault, each of the twelve jurors had to find Norma Rukes's testimony not merely more credible than Rukes's testimony but credible enough to support conviction beyond reasonable doubt. Norma's testimony was indeed compelling and persuasive. But a rational juror could have retained reasonable doubt at the close of all the evidence. *See* Order Granting One Claim (Doc. 35) at 4-6; *see also, e.g.*, *Long v. Johnson*, 736 F.3d

6

891, 892-95 & nn.2, 3, 5-8 (9th Cir. 2013) (describing, in a sufficiency of the evidence case, evidence about which appellate panel harbored reasonable doubt); *id*. at 896-97. A case that must be resolved based on what the only two participating witnesses say happened, in the absence of other witnesses' corroboration and unambiguous physical evidence, may well be a case featuring "evidence beyond reasonable doubt." It is not a case of "overwhelming evidence."

Because the State consistently mistakes the open nature of the inquiry described in *Kotteakos*, it fails to persuade the Court that it has a "reasonable probability" or a "fair prospect" of success on appeal. The first factor weighs against a stay.

**B. Irreparable Injury**

"[I]f the State establishes that there is a risk that the prisoner will pose a danger to the public if released, the court may take that factor into consideration in determining whether or not to enlarge him." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). The State contends that Rukes – despite having no prior criminal history – is dangerous: "In light of the seriousness of the charged offense of aggravated assault, the admissions Rukes made at his first trial, and his threatening to kill Norma, Rukes' bail will be a substantial amount." Reply (Doc. 45) at 4. But the State also opines that the state trial judge "is the best judge of Rukes' character and the threat he poses to the general public." *Id.* at 5. And the state trial judge

7

released Rukes on conditions without any bond. *See* Order Setting Conditions (Doc. 4-4) at 1, *State v. Rukes*, No. DC 09-284 (Mont. 4th Jud. Dist. June 30, 2014).

If the State renews proceedings in the trial court after Rukes's release from custody on the unconstitutional judgment, it will have an opportunity to argue again to the state trial court that Rukes should remain under State supervision or in custody pending trial. *Cf. Irvin v. Dowd*, 366 U.S. 717, 728-29 (1961); *Harvest v. Castro*, 531 F.3d 737, 750 n.9 (9th Cir. 2008). At this point, it does not make a sufficient showing that irreparable injury is likely to occur if Rukes is released. This factor weighs against a stay.

### C. Substantial Injury to Another Party

The Court has already decided that Rukes has been in custody for the last four and a half years on a judgment that was unconstitutionally obtained because one or more reasonable jurors might have retained reasonable doubt were it not for the bailiff's misconduct. Being held in custody on an unconstitutional judgment is injury that can only be repaired by release and a new trial. This factor weighs against a stay.

### D. Public Interest

The State asserts the final factor weighs in its favor because the trial judge "is the best judge of Rukes' character and the threat he poses to the general

public." Reply (Doc. 45) at 5. The State bases this argument on what the trial judge did at sentencing. *Id.* What the trial judge did at sentencing was based on the jury's verdict at trial. That verdict is in question here.

At any rate, the trial judge released Rukes without bond, requiring him to "remain on supervision in Michigan or Montana" on standard conditions. Order at 1-2, *State v. Rukes*, Cause No. DC-09-284 (Mont. 4th Jud. Dist. June 30, 2014) (Doc. 46-4). The State has means available to provide Mrs. Rukes with the security she requires pending a new trial. And, ultimately, whether Mrs. Rukes has reason to fear Rukes is better resolved by a new trial than by a stay pending appeal. This factor weighs against a stay.

**E. Conclusion**

None of the factors weigh in favor of a stay.

Based on the foregoing, the Court enters the following:

### ORDER

The State's renewed motion for stay pending appeal (Doc. 41) is DENIED.

DATED this 30th day of September, 2014.

                                                /s/ Jeremiah C. Lynch
                                                Jeremiah C. Lynch
                                                United States Magistrate Judge